```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF MINNESOTA
                Civil No. 16-4037(DSD/DTS)
                Civil No. 16-4402(DSD/DTS)
```

Jennifer Wright, et al.,

      Plaintiffs,

v.

Walden University, LLC, et al.,

      Defendants.

and                                                     **ORDER**

Aaron Bleess,

      Plaintiff,

v.

Walden University, LLC, et al.,

      Defendants.

      Paul A. Lesko, Esq. and Peiffer Rosea Wolf Abdullah Carr & Kane, APLC, 18 LaFayette Avenue, St. Louis, MO 63104, counsel for plaintiffs Jennifer Wright, et al.

      Robert K. Shelquist, Lockridge Grindal Nauen PLLP, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401, counsel for defendant Aaroon Bleess.

      Charles F. Knapp, Esq. and Sean R. Somermeyer, Esq. and Faegre Baker Daniels, LLP, 90 South 7th Street, Suite 2200, Minneapolis, Mn, counsel for defendants.

    This matter is before the court upon the motions to dismiss or, in the alternative, to stay the action by defendants Walden University, LLC and Laureate International Universities. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motions.

**BACKGROUND**

**I.  The <u>Wright</u> Action**

Walden University is a for-profit, online university that offers a variety of bachelor, masters, and doctorate degrees.[1] No. 16-cv-4037, Compl. ¶¶ 29-30.  Plaintiffs Jennifer Wright, Kelli Callahan, Janet Harrison, Pete Holubz, and Kelly Gardiner were doctoral students at Walden.[2] <u>Id.</u> ¶¶ 18-22.  Plaintiffs claim that Walden represented to them and other prospective students that the doctoral program dissertation process would take 13-18 months and require five dissertation-level courses. <u>Id.</u> ¶ 3. Defendants allegedly knew, however, that it took substantially longer to complete the doctoral program but withheld this information from students. <u>Id.</u> ¶ 7.  As a result, plaintiffs claim they spent substantially more time and money on the doctoral program than anticipated.  <u>Id.</u> ¶¶ 13-15.  Based on these alleged misrepresentations, plaintiffs filed this class action lawsuit on December 1, 2016, asserting claims of unjust enrichment, breach of contract, and breach of implied covenant of good faith and fair

---

[1] Laureate is a Delaware corporation that is the parent company of Walden.  <u>Id.</u> ¶ 24.

[2] Wright is a citizen of California who attended Walden from 2009 through 2015; Callahan is a citizen of Washington who attended Walden from 2009 to present; Harrison is a citizen of Georgia who attended Walden from 2008 to present; Holubz is a citizen of Georgia who attended Walden from 2010 to present; and Gardiner is a citizen of Michigan who attended Walden from 2006 to August 2016. <u>Id.</u> ¶¶ 18-22.

dealing against Walden and fraud in the inducement and violation the Minnesota Deceptive Trade Practices Act against both Walden and Laureate. Plaintiffs also asserted common law claims under the states of their respective residencies as an alternative state-wide subclass.

**II. The Thornhill Action**

On October 5, 2016, nearly two months before the Wright action, counsel for plaintiffs in the Wright action filed a class action lawsuit in the Southern District of Ohio on behalf of plaintiff LaTonya Thornhill.[3] See No. 2:16-cv-962 (S.D. Ohio), ECF No. 1. The complaint in Thornhill is nearly identical to the complaint filed in Wright: Thornhill asserts claims of breach of contract, unjust enrichment, breach of fiduciary duty, and breach of implied covenant of good faith and fair dealing against Walden; fraud in the inducement and violation of the Minnesota Uniform Deceptive Trade Practices Act against both Walden and Laureate; and Ohio common law claims brought alternatively as an Ohio state-wide sublcass. Further, the claims are based on the same allegations in the Wright complaint, namely, that Walden misrepresented the amount of time it would take to complete the doctorate program.

---

[3] Thornhill is a citizen of Ohio who attended Walden from 2011 to 2015.

**III. The <u>Bleess</u> Action**

On December 29, 2016, plaintiff Aaron Bleess filed a class action lawsuit, nearly identical to the complaints filed in <u>Wright</u> and <u>Thornhill</u>, against Walden and Laureate based on the same alleged misrepresentations.[4] <u>See</u> No. 16-4402, ECF No. 1. Bleess alleges claims of breach of contract, breach of implied covenant of good faith and fair dealing, and unjust enrichment against Walden and fraudulent inducement, violation of the Minnesota Uniform Deceptive Trade Practices Act, and violation of the Minnesota Consumer Fraud Act against both Walden and Laureate. Defendants move to dismiss, or in the alternative, to stay both the <u>Wright</u> and <u>Bleess</u> actions. On April 5, 2017, while the motions were pending, the Judicial Panel on Multidistrict Litigation denied centralization of the above and other related actions.

**DISCUSSION**

It is well established that in cases of "concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." <u>Orthmann v. Apple River Campground Inc.</u>, 765 F.2d 119, 121 (8th Cir. 1985). The first-filed rule is not "rigid, mechanical, or inflexible" and the court applies it to serve the interests of justice. <u>Id.</u> The rule exists "[t]o

---

[4] Bleess is a citizen of Minnesota who attended Walden from 2009 to present. He is represented by different counsel than the plaintiffs in <u>Wright</u> and <u>Thornhill</u>.

conserve judicial resources and avoid conflicting rulings." Nw. Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993). Absent compelling circumstances, "the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." Id. Parallel litigation exists when "substantially the same parties litigate substantially the same issues in different forums." Lexington Ins. Co. v. Integrity Land Title Co., 721 F.3d 958, 968 (8th Cir. 2013).[5]

Defendants argue that Wright and Bleess should be dismissed because Thornhill, which was filed first, is substantially similar. Plaintiffs contend that the cases are different because each of them is from a different state than the plaintiff in Thornhill. But this is irrelevant. When deciding whether two proposed class actions are substantially similar, the court does not look at the residency or identity of the named plaintiffs but how the classes are defined. See Martin v. Cargill, Inc., 295 F.R.D. 380, 388 (D. Minn. 2013) ("To be sure, the named plaintiffs ... differ from the named Plaintiffs here. Yet, they purport to act on behalf of overlapping, nationwide classes ...."); see also Askin v. Quaker

---

[5] Although Lexington addressed the power of federal courts to stay actions pending parallel state litigation, the court believes the same reasoning applies to two federal suits in different forums.

Oats Co., No. 11-111, 2012 WL 517491, at *4 (N.D. Ill. Feb. 15, 2012) ("[R]ecent cases ... make clear that the class members are the proper focus of the [fist-filed] inquiry.").

Plaintiffs do not dispute that the class members in Wright and Bleess overlap with the class members in Thornhill.[6] Failure to dismiss Wright and Bleess would result in a judgment that binds the same class members in the Thornhill case. Further, the court would risk binding class members to inconsistent judgments. See Catanese v. Unilever, 774 F. Supp. 2d 684, 688 (D.N.J. 2011) ("This Court cannot allow a parallel action to proceed which involves putative absent class members from an earlier-filed class action. Such a situation would cause substantial duplication of effort and, worse, potentially inconsistent rulings."); Fuller v. Abercrombie & Fitch Stores, Inc., 370 F. Supp. 2d 686, 690 (E.D. Tenn. 2005) ("[I]f both actions proceed, the same individuals could receive two opt-in notices for the same claim but in different courts.").

Plaintiffs next argue that Thornhill is not truly parallel because a resolution of the claims in Thornhill would not resolve all the claims asserted in their respective cases. See Smith v. S.E.C., 129 F.3d 356, 361 (6th Cir. 1997) (holding that suits are duplicative when the issues "have such an identity that a determination in one action leaves little or nothing to be

---

[6] Although the complaints define the classes slightly different, these differences are immaterial, and plaintiffs do not argue otherwise.

6

determined in the other"). Specifically, the Wright plaintiffs argue that their complaint asserts state law claims based on alternative state-wide classes in California, Georgia, Michigan, and Washington whereas Thornhill asserts state law claims based on an alternative Ohio class. Bleess argues that his complaint is broader than Thornhill's because it asserts the additional claim that defendants violated the Minnesota Consumer Fraud Act.

But, as stated above, application of the first-filed rule only requires "substantially the same parties litigat[ing] substantially the same issues," not precise overlap. Lexington, 721 F.3d at 968. The existence of alternative or additional state law claims not present in Thornhill is insufficient to require the court to abstain from applying the first-filed rule.[7] See Worthington v. Bayer Healthcare, LLC, No. 11-2793, 2012 WL 1079716, at *6 (D.N.J. Mar. 30, 2012) ("Finding an insubstantial overlap because ... the claims are asserted under different state laws would defeat the judicial efficiency rationale undergirding the first-filed rule."); Fuller, 370 F. Supp. 2d at 690 ("[T]he existence of an additional

---

[7] Plaintiffs cite cases where courts did not apply the first-filed rule because the actions were not truly parallel, but those cases are not on point because they involved cases with other material distinctions. See Martin v. Medicredit, Inc., No. 4:16-1138, 2016 WL 6696068, at *5 (E.D. Mo. Nov. 15, 2016) (finding that two suits did not overlap where there were additional claims, different defendants, and "significant disparities in the definitions of the putative classes"); Everest Indem. Ins. Co. v. Ro, 200 F. Supp. 3d 825, 834 (D. Minn. 2016) (refraining from applying the first-filed rule where the allegations in one complaint were broader and there was an additional defendant).

7

claim ... does not undermine the appropriateness of applying the first-to-file rule."). Indeed, if the court were to adopt plaintiffs position "[t]here would be nothing to stop plaintiffs in all 50 states from filing separate nationwide class actions based upon their own state's law."[8] Catanese, 774 F. Supp. 2d at 689. Because the court finds that the parties and issues in Wright and Bleess are substantially similar to those in Thornhill, the court will dismiss those cases in order to promote judicial efficiency and avoid the risk of inconsistent judgments.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss or stay case no. 16-4402 [ECF No. 11] is granted;

2. Defendants' motion to dismiss or stay case no. 16-4037 [ECF No. 25] is granted; and

---

[8] Plaintiffs also argue that any overlap between Wright, Bleess, and Thornhill, would be destroyed if defendants prevail on their motion to strike the federal and state class actions in Thornhill. But this argument weighs in favor of applying the first-filed rule to avoid inconsistent judgments as to class certification. In any case, the question before the court is whether the suits currently overlap, not whether they may hypothetically cease to overlap in the future.

3. Case Nos. 16-4402 and 16-4037 are dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: April 21, 2017

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court